# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| ANTAO PROPERTIES LLC, a Florida limited liability company, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION FILE NO. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant First American Title Insurance Company ("Defendant" or "First American"), pursuant to 28 U.S.C. §§ 1367, 1441, and 1446, submits this Notice of Removal of a civil action filed in the Circuit of the Sixth Judicial Circuit in and for Pinellas County, Florida ("State Court Action"), to this Court. In support of this Notice of Removal, Defendant respectfully shows this Court the following:

### I.     Procedural History and Timeliness and Propriety of Removal

1.     This case was filed in the Circuit of the Sixth Judicial Circuit in and for Pinellas County, Florida, as Civil Action File No. 19-006366-CI. *See* Class Action Complaint, attached as Exhibit A. Plaintiff Antao Properties LLC ("Plaintiff" or "Antao Properties") seeks to certify a class action and seeks damages from Defendant

for gross negligence (Count I), negligence (Count II), breach of fiduciary duty (Count III), declaratory judgment (Count IV), and unjust enrichment (Count V).

2.  The gravamen of Plaintiff's complaint is that "Plaintiff and Class Members have been improperly charged monies by the Defendant Closing Agent, which Defendant was not authorized to collect from Plaintiff and Class Members." Class Action Complaint ("Compl.") ¶ 20.

3.  Plaintiff seeks to certify a class of "All Buyers in all cash real estate sale transactions in Florida, that used 'AS IS' Residential Contract for Sale and Purchase form approved by the Florida Bar and Florida Association of Realtors, that selected sub-paragraph (i) of section 9(c), but who were charged and paid a Closing Agent Closing Services Fee, during the four years precedent to the date of filing this Complaint, through and until the date Notice is provided to the Class." Compl. ¶ 27.

4.  As First American is the sole Defendant, all defendants have joined in this Notice of Removal.

5.  On November 13, 2019, First American was served with the Summons and Class Action Complaint in the State Court Action. Therefore, this Notice of Removal, filed within 30 days of service, is timely filed under 28 U.S.C. § 1446(b). *See also* Fed. R. Civ. P. 6(a)(1)(C).

6. The Circuit of the Sixth Judicial Circuit in and for Pinellas County, Florida, is located within this district and division. Venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served on First American in the State Court Action is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy is being filed with the Clerk of the Circuit of the Sixth Judicial Circuit in and for Pinellas County, Florida.

**II.   Class Action Fairness Act**

8. The State Court Action is removable to this Court, and this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, and 28 U.S.C. § 1453.

9. CAFA reflects Congress' intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. Toward that end, CAFA expands federal jurisdiction over class actions, and expressly provides that class actions filed in state court are removable to federal court where: (a) the putative class contains at least 100 class members; (b) any member of the putative class is a citizen of a State different from that of any defendant; and (c) the aggregate amount in

controversy for the putative class exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

10. The Supreme Court has held that, in evaluating removal pleadings to determine if CAFA jurisdiction is established, district courts should "apply the same liberal [pleading] rules" as would pertain to other pleadings. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014).

11. In support of removal, a removing defendant may introduce its own affidavits, declarations, or other documentation to satisfy the preponderance of the evidence standard. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946 (11th Cir. 2000).

12. As a threshold matter, First American denies the material allegations asserted by Plaintiff, denies that Plaintiff or any absent putative class member is entitled to relief, and denies that the prerequisites of class certification could be satisfied in this case. However, the pleadings and submitted evidence establish that the CAFA jurisdictional requirements easily are satisfied here.

13. Specifically, this suit satisfies all the requirements under CAFA for federal jurisdiction because First American has established by a preponderance of the evidence that (1) members of the proposed classes have a different citizenship from the defendants; (2) the putative class exceeds 100 members; and (3) the amount in

controversy exceeds $5,000,000. Moreover, the exceptions to CAFA jurisdiction do not apply here. *See* 28 U.S.C. § 1332(d).

### A. Minimal Diversity Between the Parties Exists

14. CAFA requires only minimal diversity between the parties. 28 U.S.C. § 1332(d)(2). First American is a Delaware corporation with a principal place of business in Santa Ana, California.

15. First American is a citizen of both Delaware and California for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

16. Plaintiff is a citizen of Florida. Compl. ¶ 3.

17. As Plaintiff and First American are citizens of different states, minimal diversity exists.

### B. The Putative Class Consists of at Least 100 Members

18. CAFA also requires that the putative class consist of at least 100 members. 28 U.S.C. § 1332(d)(5)(B). Plaintiff's Complaint itself pleads that, "[b]ased on the estimated number of all cash land sale transactions throughout Florida and investigation of counsel, it is readily apparent that the number of Buyers is so large as to make joinder "impracticable" and the size of the class is "likely in the thousands and easily includes more than forty (40) class members." Compl. ¶ 33 As shown in the Declaration of First American's Manager for the Mid-Atlantic Division,

which includes the State of Florida, attached as Exhibit B ("Stogdill Declaration"), First American served as a closing agent in connection with more than 19,000 cash purchase transactions in which a buyer may be a member of the putative class. The number of implicated transactions in which First American served as a closing agent itself leads to a reasonable conclusion that the putative class consists of at least 100 Floridians as the implicated form purchase and sale contract, along with other available form purchase and sale contracts, commonly is used in Florida. Stogdill Declaration ¶ 8; *Dudley v. Eli Lily & Co.*, 778 F.3d 909, 913 (11th Cir. 2014).

    **C.**    **The Amount in Controversy Exceeds $5,000,000**

19.    Lastly, CAFA requires that the amount in controversy exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

20.    When, as here, the plaintiff has not pled a specific amount of damages, the removing defendant may prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). The defendant can take into account damages and any equitable relief the plaintiff seeks. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002). Compensatory damages, punitive damages, and attorney's fees are to be included in this amount. *Porter v. MetroPCS Commc'ns Inc.*,

592 F. App'x 780, 783 (11th Cir. 2014); *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014)

21. "[W]hen analyzing the amount in controversy, the district court is precluded from inquiring into the amount a party is likely to receive on the merits." *McDaniel*, 568 F. App'x at 732 (quoting *S. Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014) (noting that the amount in controversy is "less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits" (internal quotation marks omitted))). "That a court would, based on the pleadings, find that a claim fails as a matter of law does not factor into the court's jurisdictional analysis." *Id.*

22. The Stogdill Declaration shows that a review of data for the implicated cash transactions indicates that potential damages claimed would far exceed the $5 million amount in controversy if plaintiff's allegations had any merit as buyers were charged in excess of $7.0 million in closing fees in connection with those transactions during the putative class period.

23. As Plaintiff seeks "judgment for damages in the amount of the total Closing Services Fees paid for and charged to Plaintiff and Class Members," First

American has established by a preponderance of the evidence that this amount likely exceeds $5,000,000.

24. Count I, gross negligence, also permits Plaintiff to recover punitive damages. *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 596 (11th Cir. 2019) ("A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." (citing Fla. Stat. § 768.72(2)). The possibility that punitive damages for gross negligence could be awarded if Plaintiff is successful to verdict further shows that the $5,000,000 amount has been met by a preponderance of the evidence.

25. When the Complaint's prayer for equitable relief also is considered in tallying the amount in controversy, there is no doubt that the total amount of damages a fact finder could possibly award exceeds $5,000,000. *Leonard*, 279 F.3d at 973. The Supreme Court has explained that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). Plaintiff requests a declaration "declaring and ordering Plaintiff's and Class Members' entitlement to a refund of Closing Services Fee paid

by them." Compl. ¶ 67. As discussed above, this request alone likely seeks relief of more than the $5,000,000 required for CAFA.

26. Because the CAFA jurisdictional requirements are all met, and none of the CAFA exceptions apply, this case is properly removable to this Court under 28 U.S.C. § 1332(d)

27. Defendant, by virtue of filing this Notice of Removal, does not waive any defenses or objections available to it under all applicable laws.

**WHEREFORE**, Defendant respectfully requests that this case be removed from the Circuit of the Sixth Judicial Circuit in and for Pinellas County, Florida, to this Honorable Court.

DATED this 12th day of December, 2019.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *Notice of Removal* was filed with the Clerk of Court on this 12th day of December 2019, electronically via CM/ECF, which will send a notice of electronic filing to all counsel of record.

**PENNINGTON P.A.**

By: */s/ Jacqueline R. A. Root*
Jacqueline R. A. Root, Esquire
Florida Bar No.: 085700
PENNINGTON P.A.
2701 N. Rocky Point Drive – Suite 900
Tampa, FL  33607-5975

Phone:  (813) 549-4146
E-mail:  jroot@penningtonlaw.com

**DENTONS US LLP**

By: */s/ Elizabeth T. Ferrick*
Elizabeth T. Ferrick (pro hac pending)
Grant Ankrom (pro hac pending)

DENTONS US LLP
One Metropolitan Square
211 N Broadway Suite 3000
St. Louis, MO 63102
Phone:  (314) 241-1800
E-mail:  elizabeth.ferrick@dentons.com
grant.ankrom@dentons.com
*Attorneys for Defendant First American Title Insurance Company*